AF Approval _____                           Chief Approval_____

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

UNITED STATES OF AMERICA

    v.                                        CASE NO. 8:18-cr-204-T-23TGW

JONATHAN BUDOWSKI,
    a/k/a "HARD TIMES"

### PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by

Maria Chapa Lopez, United States Attorney for the Middle District of

Florida, and the defendant, JONATHAN BUDOWSKI, a/k/a "HARD

TIMES," and the attorney for the defendant, Irina Hughes, mutually agree as

follows:

**A.**     **Particularized Terms**

    1.     Counts Pleading To

        The defendant shall enter a plea of guilty to Counts One and

Four of the Superseding Indictment.

        Count One charges the defendant with knowingly and willfully

conspiring with others to distribute and possess with intent to distribute 500

grams or more of a mixture and substance containing a detectable amount of

methamphetamine, a Schedule II controlled substance, contrary to the

Defendant's Initials _____

provisions of 21 U.S.C. § 841(a)(1), in violation of 21 U.S.C. §§ 846, 841(b)(1)(A)(viii).

Count Four charges the defendant with knowingly using and carrying a firearm during and in relation to a violation of 21 U.S.C. § 841(a), a drug trafficking crime for which the defendant may be prosecuted in a Court of the United States, as well as possessing a firearm in furtherance of that same crime, in violation of 18 U.S.C. §§ 924(c)(1)(A).

2.   Minimum and Maximum Penalties

Count One is punishable by a mandatory minimum term of imprisonment of ten years, a maximum sentence of life imprisonment, a fine not to exceed $10 million, a term of supervised release of at least five years up to life, and a special assessment of $100.

Count Four carries a mandatory minimum sentence of five years of imprisonment, a maximum sentence of life imprisonment, a term of supervised release not to exceed five years, and a special assessment of $100. By operation of law, the sentence attached to Count Four must run consecutively to any other sentence, including the sentence associated with Count One.

With respect to certain offenses, the Court shall order the defendant to make restitution to any victim of the offense(s), and with respect

Defendant's Initials 

2

to other offenses, the Court may order the defendant to make restitution to any victim of the offense(s), or to the community, as set forth below.

3.   Alleyne v. United States and Apprendi v. New Jersey

Under *Alleyne v. United States*, 133 S. Ct. 2151 (2013), the defendant is subject to a mandatory minimum sentence of ten years' imprisonment as to Count One, and under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), the Court may impose a maximum sentence of life imprisonment as to Count One because the following facts have been admitted by the defendant and are established by this plea of guilty: the defendant knowingly and willfully conspired with others to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.

Under *Alleyne v. United States*, 133 S. Ct. 2151 (2013), the defendant is subject to a mandatory minimum sentence of five years' imprisonment as to Count Four, and under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), the Court may impose a maximum sentence of life imprisonment as to Count Four because the following facts have been admitted by the defendant and are established by this plea of guilty: the defendant knowingly used and carried a firearm during and in relation to a violation of 21 U.S.C. § 841(a), a drug trafficking crime for which the defendant may be prosecuted

Defendant's Initials 

3

in a Court of the United States, as well as possessed a firearm in furtherance of that same crime.

4.      Elements of the Offenses

The defendant acknowledges understanding the nature and elements of the offense(s) with which defendant has been charged and to which defendant is pleading guilty.

The elements of Count One are:

First:      Two or more people in some way agreed to try to accomplish a shared and unlawful plan;

Second:      The Defendant knew the unlawful purpose of the plan and willfully joined in it; and

Third:      The object of the unlawful purpose of the plan was to distribute and possess with the intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine.

The elements of Count Four are:

First:      The defendant knowingly used, carried, or possessed a firearm; and

Second:      The defendant used or carried the firearm during or in relation to a "drug trafficking crime," as that term is defined in 18 U.S.C. § 924(c)(2), or possessed the firearm in furtherance of that same crime.



5.   Counts Dismissed

At the time the defendant formally enters his guilty plea in court, the United States will dismiss Counts Two and Three pursuant to Fed. R. Crim. P. 11(c)(1)(A).

6.   No Further Charges

If the Court accepts this plea agreement, the United States Attorney's Office for the Middle District of Florida agrees not to charge defendant with committing any other federal criminal offenses known to the United States Attorney's Office at the time of the execution of this agreement, related to the conduct giving rise to this plea agreement.

7.   Guidelines Sentence

Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States will recommend to the Court that the defendant be sentenced within the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines, as adjusted by any departure the United States has agreed to recommend in this plea agreement.  The parties understand that such a recommendation is not binding on the Court and that, if it is not accepted by this Court, neither the United States nor the defendant will be allowed to withdraw from the plea agreement, and the defendant will not be allowed to withdraw from the plea of guilty.

Defendant's Initials 

5

8.    <u>Acceptance of Responsibility - Three Levels</u>

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will recommend to the Court that the defendant receive a two-level downward adjustment for acceptance of responsibility, pursuant to USSG §3E1.1(a). The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

Further, at the time of sentencing, if the defendant's offense level prior to operation of subsection (a) is level 16 or greater, and if the defendant complies with the provisions of USSG §3E1.1(b) and all terms of this Plea Agreement, including but not limited to, the timely submission of the financial affidavit referenced in Paragraph B.5., the United States agrees to file a motion pursuant to USSG §3E1.1(b) for a downward adjustment of one additional level. The defendant understands that the determination as to whether the defendant has qualified for a downward adjustment of a third level for acceptance of responsibility rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that the defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

Defendant's Initials 

6

9.     Forfeiture of Assets

The defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, pursuant to 21 U.S.C. § 853, 18 U.S.C. § 924(d), and 28 U.S.C. § 2461(c), whether in the possession or control of the United States, the defendant or defendant's nominees.

The assets to be forfeited include, but are not limited to, a Taurus Judge .44 caliber revolver, a Taurus Curve .380 caliber revolver, a Sig Sauer model P320 nine-millimeter pistol, a Del-Ton Inc. model DTI-15 5.56 millimeter rifle, a Mossberg model 500E .410 pump action shotgun, assorted rounds of Federal nine-millimeter, .223 and nine-millimeter ammunition, approximately three rounds of CCI .380 caliber ammunition, assorted rounds of Remington .410 gauge, .380, .44 and .223 caliber ammunition, assorted rounds of Winchester 20 gauge, .380, .223 and 5.56 millimeter ammunition, approximately one round of PMC .380 caliber ammunition, and approximately three rounds of PMP .223 caliber ammunition, which assets were involved or used in the offenses to which the defendant is pleading guilty.

The defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal, civil judicial or administrative forfeiture action. The defendant also agrees to waive all constitutional, statutory and

Defendant's Initials                     7

procedural challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture described herein constitutes an excessive fine, was not properly noticed in the charging instrument, addressed by the Court at the time of the guilty plea, announced at sentencing, or incorporated into the judgment.

The defendant admits and agrees that the conduct described in the Factual Basis below provides a sufficient factual and statutory basis for the forfeiture of the property sought by the government. Pursuant to Rule 32.2(b)(4), the defendant agrees that the preliminary order of forfeiture will satisfy the notice requirement and will be final as to the defendant at the time it is entered. In the event the forfeiture is omitted from the judgment, the defendant agrees that the forfeiture order may be incorporated into the written judgment at any time pursuant to Rule 36.

The defendant agrees to take all steps necessary to identify and locate all property subject to forfeiture and to transfer custody of such property to the United States before the defendant's sentencing. The defendant agrees to be interviewed by the government, prior to and after sentencing, regarding such assets and their connection to criminal conduct. The defendant further agrees to be polygraphed on the issue of assets, if it is deemed necessary by the United

Defendant's Initials _____

8

States.  The defendant agrees that Federal Rule of Criminal Procedure 11 and USSG § 1B1.8 will not protect from forfeiture assets disclosed by the defendant as part of the defendant's cooperation.

The defendant agrees to take all steps necessary to assist the government in obtaining clear title to the forfeitable assets before the defendant's sentencing.  In addition to providing full and complete information about forfeitable assets, these steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and signing of any other documents necessary to effectuate such transfers.  To that end, the defendant agrees to make a full and complete disclosure of all assets over which defendant exercises control directly or indirectly, including all assets held by nominees, to execute any documents requested by the United States to obtain from any other parties by lawful means any records of assets owned by the defendant, and to consent to the release of the defendant's tax returns for the previous five years. The defendant agrees to be interviewed by the government, prior to and after sentencing, regarding such assets and their connection to criminal conduct.

The defendant agrees that the United States is not limited to forfeiture of the property specifically identified for forfeiture in this Plea Agreement.  If the United States determines that property of the defendant identified for forfeiture cannot be located upon the exercise of due diligence; has

Defendant's Initials _____                    9

been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty; then the United States shall, at its option, be entitled to forfeiture of any other property (substitute assets) of the defendant up to the value of any property described above. The Defendant expressly consents to the forfeiture of any substitute assets sought by the Government. The defendant agrees that forfeiture of substitute assets as authorized herein shall not be deemed an alteration of the defendant's sentence.

Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

The defendant agrees that, in the event the Court determines that the defendant has breached this section of the Plea Agreement, the defendant may be found ineligible for a reduction in the Guidelines calculation for acceptance of responsibility and substantial assistance, and may be eligible for an obstruction of justice enhancement.

The defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive the defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this

Defendant's Initials                     10

agreement.   The forfeitability of any particular property pursuant to this agreement shall be determined as if the defendant had survived, and that determination shall be binding upon defendant's heirs, successors and assigns until the agreed forfeiture, including satisfaction of any preliminary order of forfeiture for proceeds.

**B.**     **Standard Terms and Conditions**

      1.     <u>Restitution, Special Assessment and Fine</u>

      The defendant understands and agrees that the Court, in addition to or in lieu of any other penalty, <u>shall</u> order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663A, for all offenses described in 18 U.S.C. § 3663A(c)(1); and the Court may order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663, including restitution as to all counts charged, whether or not the defendant enters a plea of guilty to such counts, and whether or not such counts are dismissed pursuant to this agreement.  The defendant further understands that compliance with any restitution payment plan imposed by the Court in no way precludes the United States from simultaneously pursuing other statutory remedies for collecting restitution (28 U.S.C. § 3003(b)(2)), including, but not limited to, garnishment and execution, pursuant to the

Defendant's Initials 

Mandatory Victims Restitution Act, in order to ensure that the defendant's restitution obligation is satisfied.

On each count to which a plea of guilty is entered, the Court shall impose a special assessment pursuant to 18 U.S.C. § 3013. To ensure that this obligation is satisfied, the Defendant agrees to deliver a check or money order to the Clerk of the Court in the amount of $100.00, payable to "Clerk, U.S. District Court" within ten days of the change of plea hearing.

The defendant understands that this agreement imposes no limitation as to fine.

2.    Supervised Release

The defendant understands that the offenses to which the defendant is pleading provide for imposition of a term of supervised release upon release from imprisonment, and that, if the defendant should violate the conditions of release, the defendant would be subject to a further term of imprisonment.

3.    Immigration Consequences of Pleading Guilty

The defendant has been advised and understands that, upon conviction, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

Defendant's Initials 

12

4.    Sentencing Information

The United States reserves its right and obligation to report to the

Court and the United States Probation Office all information concerning the

background, character, and conduct of the defendant, to provide relevant

factual information, including the totality of the defendant's criminal activities,

if any, not limited to the counts to which defendant pleads, to respond to

comments made by the defendant or defendant's counsel, and to correct any

misstatements or inaccuracies.  The United States further reserves its right to

make any recommendations it deems appropriate regarding the disposition of

this case, subject to any limitations set forth herein, if any.

5.    Financial Disclosures

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P.

32(d)(2)(A)(ii), the defendant agrees to complete and submit to the United

States Attorney's Office within 30 days of execution of this agreement an

affidavit reflecting the defendant's financial condition.  The defendant

promises that his financial statement and disclosures will be complete,

accurate and truthful and will include all assets in which he has any interest or

over which the defendant exercises control, directly or indirectly, including

those held by a spouse, dependent, nominee or other third party.  The

defendant further agrees to execute any documents requested by the United

Defendant's Initials 

13

States needed to obtain from any third parties any records of assets owned by the defendant, directly or through a nominee, and, by the execution of this Plea Agreement, consents to the release of the defendant's tax returns for the previous five years. The defendant similarly agrees and authorizes the United States Attorney's Office to provide to, and obtain from, the United States Probation Office, the financial affidavit, any of the defendant's federal, state, and local tax returns, bank records and any other financial information concerning the defendant, for the purpose of making any recommendations to the Court and for collecting any assessments, fines, restitution, or forfeiture ordered by the Court. The defendant expressly authorizes the United States Attorney's Office to obtain current credit reports in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

 6. <u>Sentencing Recommendations</u>

  It is understood by the parties that the Court is neither a party to nor bound by this agreement. The Court may accept or reject the agreement, or defer a decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office. The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence will be determined solely by the Court, with the assistance of the United States

Defendant's Initials    14

Probation Office.  Defendant further understands and acknowledges that any

discussions between defendant or defendant's attorney and the attorney or

other agents for the government regarding any recommendations by the

government are not binding on the Court and that, should any

recommendations be rejected, defendant will not be permitted to withdraw

defendant's plea pursuant to this plea agreement.  The government expressly

reserves the right to support and defend any decision that the Court may make

with regard to the defendant's sentence, whether or not such decision is

consistent with the government's recommendations contained herein.

  7. <u>Defendant's Waiver of Right to Appeal the Sentence</u>

   The defendant agrees that this Court has jurisdiction and

authority to impose any sentence up to the statutory maximum and expressly

waives the right to appeal defendant's sentence on any ground, including the

ground that the Court erred in determining the applicable guidelines range

pursuant to the United States Sentencing Guidelines, except (a) the ground

that the sentence exceeds the defendant's applicable guidelines range <u>as</u>

<u>determined by the Court</u> pursuant to the United States Sentencing Guidelines;

(b) the ground that the sentence exceeds the statutory maximum penalty; or (c)

the ground that the sentence violates the Eighth Amendment to the

Constitution; provided, however, that if the government exercises its right to

Defendant's Initials 

15

appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the

defendant is released from his waiver and may appeal the sentence as

authorized by 18 U.S.C. § 3742(a).

     8.    Middle District of Florida Agreement

        It is further understood that this agreement is limited to the

Office of the United States Attorney for the Middle District of Florida and

cannot bind other federal, state, or local prosecuting authorities, although this

office will bring defendant's cooperation, if any, to the attention of other

prosecuting officers or others, if requested.

     9.    Filing of Agreement

        This agreement shall be presented to the Court, in open court or

in camera, in whole or in part, upon a showing of good cause, and filed in this

cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

     10.    Voluntariness

        The defendant acknowledges that defendant is entering into this

agreement and is pleading guilty freely and voluntarily without reliance upon

any discussions between the attorney for the government and the defendant

and defendant's attorney and without promise of benefit of any kind (other

than the concessions contained herein), and without threats, force,

intimidation, or coercion of any kind.  The defendant further acknowledges

Defendant's Initials 

16

defendant's understanding of the nature of the offense or offenses to which defendant is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction with the representation and advice received from defendant's undersigned counsel (if any).  The defendant also understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial. The defendant further understands that if defendant pleads guilty, the Court may ask defendant questions about the offense or offenses to which defendant pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement.  The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

Defendant's Initials

17

11.  <u>Factual Basis</u>

Defendant is pleading guilty because defendant is in fact guilty. The defendant certifies that defendant does hereby admit that the facts set forth below are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt.

FACTS

From at least 2016 to the date of his arrest, October 2, 2017, the defendant, Jonathan BUDOWSKI, also known as "HARD TIMES," bought and sold methamphetamine in multi-ounce quantities within the Middle District of Florida.

From 2016 to 2017, a coconspirator (CC-1) sold methamphetamine to BUDOWSKI on at least four to eight occasions, with each transaction occurring in the Middle District of Florida and involving four to eight ounces of methamphetamine. BUDOWSKI purchased at least 448 to 1,792 grams of methamphetamine from CC-1 over this time period. CC-1's final sale of methamphetamine to BUDOWSKI occurred within a few days of BUDOWSKI's state arrest in this case on October 2, 2017. On that date, BUDOWSKI informed CC-1 that he wished to purchase eight ounces (224 grams) of methamphetamine from CC-1 and asked CC-1 to "front" (provide him free of charge, with payment due later, upon resale) an additional eight

Defendant's Initials 

18

ounces of methamphetamine, for a total of sixteen ounces (448 grams). CC-1 refused to "front" BUDOWSKI methamphetamine at that time, however, so BUDOWSKI acquired only the eight ounces of methamphetamine he could pay for on that date.

CC-2 regularly observed CC-3's methamphetamine trafficking activities and observed BUDOWSKI purchase methamphetamine from CC-3 on a regular basis, once or twice a week for a period of at least two months in 2017. In each of these transactions, CC-2 observed BUDOWSKI purchase four to ten ounces (112-280 grams) of methamphetamine from CC-3. BUDOWSKI intended to resell the methamphetamine to customers in smaller quantities.

CC-4 purchased one ounce quantities of methamphetamine from the defendant on at least two occasions. Additionally, CC-4 purchased much larger quantities of methamphetamine from CC-3, one of BUDOWSKI's suppliers and coconspirators. BUDOWSKI facilitated many of these transactions between CC-3 and CC-4, several of which occurred at BUDOWSKI's house. On one such occasion, BUDOWSKI facilitated CC-4 purchasing twelve ounces of methamphetamine from CC-3.

From approximately November 2016 through approximately January 2017, CC-5 purchased methamphetamine from BUDOWSKI on a

Defendant's Initials

19

regular basis. CC-5 conducted at least five transactions with BUDOWSKI, all of which occurred at BUDOWSKI's house and involved at least ¼ ounce (7 grams) of methamphetamine.

BUDOWSKI admits that the firearms and ammunition, specifically, a Taurus Judge .44 caliber revolver, a Taurus Curve .380 caliber revolver, a Sig Sauer model P320 nine-millimeter pistol, a Del-Ton Inc. model DTI-15 5.56 millimeter rifle, a Mossberg model 500E .410 pump action shotgun, assorted rounds of Federal nine-millimeter, .223 and nine-millimeter ammunition, approximately three rounds of CCI .380 caliber ammunition, assorted rounds of Remington .410 gauge, .380, .44 and .223 caliber ammunition, assorted rounds of Winchester 20 gauge, .380, .223 and 5.56 millimeter ammunition, approximately one round of PMC .380 caliber ammunition, and approximately three rounds of PMP .223 caliber ammunition, were involved in or used in the conspiracy to which he is pleading guilty.

The above is merely a brief summary of the events, some of the persons involved, and other information relating to this case. It does not include, nor is it intended to include, all of the events, persons involved, or other information relating to this case.

Defendant's Initials 

20

12.    Entire Agreement

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea.

13.    Certification

The defendant and defendant's counsel certify that this plea agreement has been read in its entirety by (or has been read to) the defendant and that defendant fully understands its terms.


DATED this 25th day of April, 2019.


                                           MARIA CHAPA LOPEZ
                                           United States Attorney


_____              _____
Jonathan Budowski                     Michael M. Gordon
Defendant                             Assistant United States Attorney


_____              _____
Jason Mayberry                        Christopher F. Murray
Attorney for Defendant                Assistant United States Attorney
                                       Chief, Violent Crimes and
                                       Narcotics Section


21

## Individual Declaration as to Payment of
## Special Assessment Upon Conviction

I, Jonathan Budowski, a defendant in Case No. 8:18-cr-204-T-23-TGW, hereby acknowledge that, in accordance with 18 U.S.C. § 3013(a), upon sentencing I will owe the following amount:

**For Felony Offenses Committed before April 24, 1996:**
Felony count:      $50 x _____ counts = $_____

**For Felony Offenses Committed On or After April 24, 1996:**
Felony count:      $100 x _1_ counts = $__100__

**For Misdemeanors, Regardless of Date of Offense:**
Class A Misdemeanor count: $25 x _____ counts = $_____
Class B Misdemeanor count: $10 x _____ counts = $_____
Class C Misdemeanor count or infraction: $5 x _____ counts = $_____

**Total Special Assessment Due: $__100__**

**Please check one of the following paragraphs and fill in the blanks as appropriate.**

_____ I hereby tender a check made payable to the Clerk, United States District Court, in the amount of $_____. Payment is for full or partial satisfaction of the special assessment imposed upon me and is being delivered to the Clerk's Office of the Tampa Division, with a copy of this document.

_____ I am temporarily unable to pay the special assessment but will pay the same in full on or before the date of sentencing by tendering a check/money order made payable to the Clerk, United States District Court, in the amount of $_____ and delivering it to the Clerk of Court of the Tampa Division, with a copy of this document.

__✓__ As reflected in the sworn financial statement submitted herewith, I am unable to pay the special assessment now and in the foreseeable future.

___4/18/19___
Date

_____
Jonathan Budowski